

SCANNED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60750-CIV-COHN/SELTZER
(Original Criminal Case No. 04-60130-CR-COHN)

MARVIN EWART,

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Report and Recommendation [DE 14], submitted by United States Magistrate Judge Barry S. Seltzer, regarding Movant Marvin Ewart's Motion to Vacate Pursuant to 28 U.S.C. § 2255, attacking his conviction and sentence entered in Case No. 04-60130-CR-COHN.  Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion, the Report and Recommendation, and Movant's Objections [DE 15], and is otherwise fully advised in the premises.

In his Motion, Mr. Ewart raises two claims:  1) that his appellate counsel was ineffective for failing to make a Booker argument on direct appeal, and 2) that his trial counsel was ineffective for failing to request an entrapment defense.  Magistrate Judge Seltzer concludes in his Report that each of these claims is without merit, and recommends that the Motion be denied.  Mr. Ewart makes several objections to the Report and Recommendation, and the Court addresses each of these objections in turn.

I.      **Applicable standard of review for <u>Booker</u> claims on appeal**

First, Movant objects to the Magistrate Judge's reasoning as to the standard of

review that would have been applied on appeal to any <u>Booker</u> arguments that could

have been raised.  In evaluating the claims regarding appellate counsel, and analyzing

the prejudice prong of the <u>Strickland</u> standard, Judge Seltzer reasoned that had a

<u>Booker</u> argument been made on appeal, the Court of Appeals would have applied a

"plain error" standard of review.  Mr. Ewart objects to this reasoning, arguing that a plain

error analysis would have been improper because he was sentenced in contravention

of constitutional norms.  He cites to a case addressing harmless error from the 1940s,

<u>Kotteakos v. United States</u>, in support of his position.  <u>See</u> 328 U.S. 750 (1946).

Having reviewed Mr. Ewart's arguments and the cited case law, the Court agrees

with Judge Seltzer and concludes that the "plain error" standard would have been

applied to a <u>Booker</u> argument on appeal.  The law on this point is quite clear.  In <u>United</u>

<u>States v. Ronda</u>, the Eleventh Circuit considered an argument based on <u>Booker</u> that

had been raised for the first time on appeal.  <u>See</u> 455 F.3d 1273 (11th Cir. 2006).

There, as in this case, the argument had not been raised at the District Court level.  <u>Id.</u>

at 1303.  Furthermore, the court acknowledged that the appellants had been sentenced

before <u>Booker</u> was decided, just as Mr. Ewart was, but emphasized that the appellants

had not argued the unconstitutionality of the Sentencing Guidelines under <u>Apprendi v.</u>

<u>New Jersey</u>, or any of its progeny, or argued that their sentences were contrary to the

Sixth Amendment.  <u>Id.</u> at 1303 n.43.  The court determined that a "plain error" standard

of review was appropriate.  <u>Id.</u> at 1303.  Thus, the Eleventh Circuit has contemplated

precisely the issues that would have been raised had Mr. Ewart's appellate counsel

raised the <u>Booker</u> argument on appeal for the first time, and concluded that the "plain error" standard of review was appropriate.  Accordingly, this Court is not persuaded by Mr. Ewart's arguments on this point, and overrules this Objection.

**II.      Movant's ability to satisfy the plain error analysis**

Next, Mr. Ewart objects to Judge Seltzer's conclusion that he would not have been able to show plain error had the <u>Booker</u> argument been raised on appeal by appellate counsel.  The "plain error" standard of review has three prongs:  (1) error, (2) that is plain, and (3) that affects substantial rights.  <u>United States v. Shelton</u>, 400 F.3d 1325, 1328-29 (11th Cir. 2005).  Although conceding that the Court of Appeals would have found an error that is plain, based on the District Court's consideration of the Sentencing Guidelines as binding rather than advisory, Judge Seltzer concluded that the third prong would not have been satisfied.  To satisfy this prong, Mr. Ewart would have to have shown that there was a reasonable probability of a different result if the guidelines had been applied in an advisory instead of a binding fashion by the sentencing judge.  <u>Id.</u> at 1331.

This Court agrees that Mr. Ewart could not have made this showing.  The Court sentenced Mr. Ewart at the high end of the guidelines, citing "the need to provide adequate punishment and to deter future criminal behavior."  There is no indication whatsoever in the record that, taking the Guidelines as advisory rather than mandatory, the Court would have imposed a lower sentence.  Indeed the record specifically contradicts any such argument.  Accordingly, the Court finds no merit in Mr. Ewart's argument that he could have succeeded on this point had his appellate counsel raised the argument on appeal, and overrules this Objection.

3

## III.    Entrapment jury instruction

Finally, Movant argues that the Magistrate Judge erred in concluding that he was

not entitled to an entrapment instruction at trial, and, thus, his trial counsel was not

ineffective for failing to request such an instruction.  As Judge Seltzer explained in his

Report and Recommendation, an entrapment instruction would only have been

warranted in Mr. Ewart's trial if the record contained sufficient evidence for a reasonable

jury to find in his favor.  See United States v. Quinn, 123 F.3d 1415, 1423 (11th Cir.

1997).  A defendant bears the initial burden of showing Government inducement, and if

he is able to make this showing, the burden shifts to the Government to prove beyond a

reasonable doubt that the defendant was predisposed to commit the crime.  United

States v. Francis, 131 F.3d 1452, 1456 (11th Cir. 1997).  This Court agrees with Judge

Seltzer that Mr. Ewart could not meet his initial burden of showing inducement, based

on the record established at trial, and thus, was not entitled to the entrapment

instruction.

Movant argues, based on United States v. Valencia, that a person "brought into a

criminal scheme after being informed directly of conduct or statements by a government

agent which could amount to inducement, then that person should be able to avail

himself of the defense of entrapment just as may the person who receives the

inducement directly."  645 F.2d 1158, 1168 (2d Cir. 1980).  As Mr. Ewart views it, he

was brought into the scheme by his brother and co-conspirator, Strachan, and that

Strachan was induced by the Government agent into the commission of the robbery.

Thus, Mr. Ewart argues that he should have been able to avail himself of the

entrapment defense, even though he was not directly induced by the Government

agent, because the Government agent's inducements were passed along to him by his brother.

The difficulty with this argument is that the factual record simply does not support it. Both Strachan and Mr. Ewart were ready and willing to commit this crime. The Government agent's actions in simply putting together the sting operation and making the opportunity available to them does not constitute "inducement." None of the factors discussed in United States v. Orisnord that would militate in favor of a finding of inducement are present in this case. See 483 F.3d 1169, 1178 (11th Cir. 2007). The Valencia case is simply not applicable here, because the Government agents did not induce any of the participants, least of all Mr. Ewart and Strachan.

Movant also objects to the Magistrate Judge's interpretation of his reluctance to follow the plan that was presented by Deputy Tianga. Any expressed reluctance on the part of Mr. Ewart, however, was not to the commission of the robbery. He simply had concerns that the guards might suspect Tianga's involvement, and made suggestions as to how to make the robbery appear not to include Tianga. Mr. Ewart also expressed that he didn't intend to shoot the guards, only to restrain them with duct tape, but clarified that "if they don't [cooperate] it's gonna be different." (Warehouse Transcript at 5 [DE 13-3].) Finally, Mr. Ewart expressed his concerns regarding what to do with the cocaine following the robbery, stating that they needed to take it home as soon as possible to avoid being on the road with it. Though these concerns could be construed as "reluctance," they cannot credibly be considered reluctance to commit the robbery. Rather than walk away from the plan as it was proposed, Mr. Ewart made suggestions to improve upon the plan. His "reluctance" was only to the manner in which the robbery

5

was to be conducted, not to the actual execution of the robbery itself. This Court agrees with the Judge Seltzer that none of these facts weigh in favor of a finding of inducement, and instead show the strength of Mr. Ewart's intentions to participate in this robbery.

In consideration of all the arguments made on this issue, as well as the record, this Court agrees that there was insufficient evidence on the record to support a finding of inducement. Thus, Mr. Ewart was not entitled to an entrapment jury instruction, and his trial counsel was not ineffective for failing to make this non-meritorious request. The Court overrules these objections.

## IV.    Conclusion

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    The Report of Magistrate Judge Barry S. Seltzer [DE 14] is **ADOPTED**.

2.    Movant Marvin Ewart's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §2255 [DE 1] is **DENIED**.

3.    Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of February, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

6